IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ERVIN GARCIA-GUZMAN and | * | CIVIL NO. 19-1924 |
| YESSICA SOTO-CONCEPCION and their | * | |
| legal society of earnings (conjugal | * | |
| partnership) | * | |
|     Plaintiffs | * | ABOUT: |
| | * |     USERRA 38 U. S. C. § 4301 |
| v. | * |     Commonwealth of PR Public Law 80 |
| | * |     PR Civil Code, Arts. 1802 & 1803 |
| MUNICIPALITY OF FLORIDA, | * |     Due Process Violation |
| HON. JOSE GERENA-POLANCO, | * |     Fourteen Amendment |
| JOHN DOE, RICHARD ROE, and | * | |
| their respective insurance companies | * |     JURY TRIAL REQUESTED |
|     Defendants | * | |
| ************************************* | | |

**COMPLAINT**

**TO THE HONORABLE COURT:**

Come plaintiffs, through the undersigned attorneys, and very respectfully state, allege and pray:

**I.     JURISDICTION:**

1. The jurisdiction of this Court is invoked under the provisions of the *Uniform Services Employment and Re-employment Rights Act of October 1994*, 38 U.S.C. § 4301 et. seq., (*USERRA Pub. Law 103-353*, October 13, 1994). Also under the *Fourteen Amendment Averment* of the United States Constitution and the Due Process Clause.

2. This Court has original jurisdiction pursuant *USERRA (28 U.S.C. § 4301 et. seq.)* under the supplemental jurisdiction principles in the interest economy and of judicial efficiency Plaintiffs invoke the labor laws of the Commonwealth of Puerto Rico against discrimination and under *Public Law No. 80 of May 30, 1976*, also claims under *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, et. seq., (Torts).

COMPLAINT
CIVIL NO. 19-1924
Page 2

    3.    Trial by jury is hereby requested.

**II.    PARTIES:**

    4.    Plaintiffs Ervin García-Guzmán and Yessica Soto-Concepción, are married, both of legal age and residents of Florida , Puerto Rico.  Their legal society of earnings (conjugal partnership) is also included.  Their postal address is Urb. Las Flores, Bromelia St. # 53, Florida, PR 00650.  He is an employee of co-defendant Municipality of Florida, a law enforcement officer member of the *Policia Municipal de Florida*.

    5.    Co-defendant Municipality of Florida is independent political and geographical demarcation with its own government; executive and legislative branches (entity).  It is divided in department or divisions one of which is a police force commonly referred as *Policia Municipal de Florida*.

    6.     Co-defendant Hon. José Gerena-Polanco is the mayor and senior elected officer of Municipality of Florida.  He is in charge of the administration of the co-defendant  Municipality of Florida and the senior supervisor of the municipal police force in Florida, Puerto Rico.

    7.    John Doe and Richard Roe are those persons who are in any way responsible for the facts and the damages alleged in this complaint. Also included are the insurance companies of all the defendants.

**III.    FACTS**:

    **Related to all claims against defendants.**

    8.    Plaintiff Ervin García-Guzmán always wanted to serve his country and to protect his fellow citizens.  He graduated from high school in 1990 then he joined the US Armed Forces, US Army as a reservist in the Puerto Rico Army National Guard in 1991.

COMPLAINT
CIVIL NO. 19-1924
Page 3

9. Plaintiff Ervin García-Guzmán was swore as a law enforcement officer in the Puerto Rico Police in 1993, working in Carolina, Manatí, Division of Saturation of Arecibo and finally Precinct of Florida, Puerto Rico where he worked until 2004.

10. Plaintiff Ervin García-Guzmán completed his military obligation with the Puerto Rico Army National Guard and received a Honorable Discharge in 1999. He re-joined the US Armed Forces, US Army as a reservist in the US Army Reserve in 2006.

11. Plaintiff Ervin García-Guzmán joined the municipal police force (*Policia Municipal de Florida*) of the town of Florida, Puerto Rico in 2008. Plaintiff Ervin García-Guzmán entered the police force, he did so with the sole desire to serve and provide security for his people.

12. Plaintiff Ervin García-Guzmán belongs to the US Army Reserve where he has been a Sergeant for the last five (5) years and holds the rank of Staff Sergeant (E6) in charge of two (2) Sergeants and ten (10) soldiers. He is a military police with duties that encompass duties of a regular soldier and law enforcement duties. He has intensive training in leadership and supervision, criminal investigation, Incident Commander (FEMA), all offered by the US Army among others and which are of great benefit to the agency.

13. Plaintiff Ervin García-Guzmán has served the *Policia Municipal de Florida* and has carried out several tasks among which is that of Interim Supervisor in the traffic/transit area that compares to the duties of Sergeant. The task was assigned to him by the then Commissioner of the *Policia Municipal de Florida* Carlos Feliciano-Feliciano with the responsibility of accounting, classifying, documenting and delivering the traffic tickets (moving and non-moving violations) for administrative fines/penalties to the PR Department of Transportation, CESCO Office; to provide guidance/orientation on traffic safety in the different schools and to work as the Liaison Officer

COMPLAINT
CIVIL NO. 19-1924
Page 4

between the Commonwealth of PR Office for Traffic Safety and the *Policia Municipal de Florida*.

14. Plaintiff Ervin García-Guzmán acquired vast experience supervising personnel in the *Policia Municipal de Florida*, due to the fact that during the past nine (9) years has been the person which all the Commissioners trusted to perform the tasks of a supervisor (sergeant) due to the lacked of an appointed one.

15. Plaintiff Ervin García-Guzmán belongs to the US Army Reserve where he has been a non-commission officer (NCO) for the last five (5) years and holds the rank of Staff Sergeant (E6) in charge of two (2) Sergeants and ten (10) Enlisted Soldiers. He completed intensive training in leadership & supervision, criminal investigations, Incident Commander (FEMA), all offered by the US Army among others, training of which are of great benefit to the *Policia Municipal de Florida*.

16. Plaintiff Ervin García-Guzmán has been recognized for his excellent performance, he was awarded the Police Officer of the Year on two (2) consecutive years, 2013 and 2014. He was recognized by the Commissioner Antonio Román-Quiles and was awarded the Intervention Police Officer of the year in 2016.

17. On 2016 plaintiff Ervin García-Guzmán was mobilized, he was ordered/entered on active duty with the US Army under Title 10 U.S.C. for the Operation Freedom Sentinel. Upon receiving the alert of the mobilization, plaintiff Ervin García-Guzmán informed his employer, co-defendant Municipality of Florida. Immediately upon receiving the mobilization's Order he provided a copy to his employer, co-defendant Municipality of Florida and to his immediate supervisor.

18. Plaintiff Ervin García-Guzmán was on military service until July 19, 2018 when he was released from active duty with an Honorable Discharge. He reported back to his duties as a police officer with co-defendant Municipality of Florida.

COMPLAINT
CIVIL NO. 19-1924
Page 5

19. On March 9, 2018, plaintiff Ervin García-Guzmán became aware that the Commissioner of the *Policia Municipal de Florida,* Antonio Román-Quiles was to promote police officer José Resto-Luciano to the rank of Sergeant. Plaintiff Garcia send a communication to co-defendant José Gerena-Polanco requesting a telephone conference. The telephone conference was granted and they discussed the promotion of Jose Resto-Luciano, came out that the promotion was a finger appointed to the next rank. Plaintiff Ervin García-Guzmán formally requested to conduct the promotion following the merit system as required by law and regulation. Co-defendant José Gerena-Polanco replied to plaintiff Garcia that he did not meet the qualification criteria because he was always traveling with the US Army.

20. On April 2, 2018, plaintiff Ervin García-Guzmán formally and in a written format requested his promotion and/or to be allow to compete for promotion the next rank of Sergeant.

21. On May 19, 2018 the police officer José Resto-Luciano was promoted to the rank of Sergeant.

22. On September 6, 2018 plaintiff Garcia requested co-defendant José Gerena-Polanco a conference to discuss his promotion. In the conference was discussed the challenge to the promotion and a complaint of USERRA violation. Co-defendant José Gerena-Polanco requested the claims to be in a written format. On September 7, 2018 plaintiff Garcia filed a written request. Co-defendants Municipality of Florida & José Gerena-Polanco never answered nor responded to the plaintiff requests.

23. Plaintiff Ervin García-Guzmán was discriminated and his rights were violated; he was not promoted in accordance with the law & regulations, he has been forced & pressured to resign, etc. due to his military status as a reservist in the US Army. His constitutional due process

COMPLAINT
CIVIL NO. 19-1924
Page 6
were violated.

24.     Plaintiff filed a complaint in the U. S. Equal Employment Opportunity Commission (EEOC) on February 20, 2019. The complaint was referred to the U. S. Department of Justice, Civil Rights Division issued a *Notice of Right to Sue* upon plaintiff's request. The Notice was received by Plaintiff on July 16, 2019.

25.     The wrongful and negligent acts of all co-defendants, their managers, officials, employees, and representatives, were the direct cause or contributed to the facts alleged in the complaint and all the damages suffers by the plaintiffs.

## IV.     CAUSES OF ACTION:

All the paragraphs stated herein in the Jurisdiction and Facts are literary incorporated herein and are made part of the following paragraphs and causes of action.

### First Cause of Action

26.     Plaintiff Ervin García-Guzmán rights under the provisions of the *Uniform Services Employment and Re-employment Rights Act of October 1994*, *38 U.S.C. § 4301 et. seq.*, (*USERRA Pub. Law 103-353*, October 13, 1994) were violated by defendants.

27.     Plaintiff Ervin García-Guzmán rights under the provisions of the labor laws of Puerto Rico against discrimination and under *Public Law No. 80 of may 30, 1976*, also claims under *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, *et. seq.,* (Torts) invoked under the under the supplemental jurisdiction principles in the interest economy and of judicial efficiency.

### Second Cause of Action

28.     Plaintiff Yessica Soto-Concepción suffered damages for the violations to her husband damages ans suffering, claims and rights under the provisions of the labor laws of Puerto Rico

COMPLAINT
CIVIL NO. 19-1924
Page 7

against discrimination and under *Public Law No. 80 of may 30, 1976* claims under the provisions of *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, *et. seq.*, (Torts) invoked under the supplemental jurisdiction principles in the interest economy and of judicial efficiency.

## Third Cause of Action

29.     The legal society of earnings (conjugal partnership) of co-plaintiffs Ervin García-Guzmán and Yessica Soto-Concepción suffered economical damages for the violations of one of its member (Ervin García-Guzmán ), claims and rights under the provisions of the labor laws of Puerto Rico against discrimination and under *Public Law No. 80 of may 30, 1976* claims under the provisions of *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, *et. seq.*, (Torts) invoked under the supplemental jurisdiction principles in the interest economy and of judicial efficiency.

## Fourth Cause of Action

30.     Plaintiffs suffered damages; Fourteen Amendment Averment is invoked against the unlawful executives orders, rules and regulations of the Police and the municipality of Florida. <u>Board of Regents of State College v. Roth</u> 408 U.S. 564, 577, 33 L.Ed. 2d 548 (1972). <u>Cleveland Board of Education v. Loudermill</u>, supra; <u>Rojas v. Aponte Roque</u>, 678 F. Supp 23, 25 (D. Puerto Rico 1987). <u>Gierbolini vs Aponte Roque</u>, 666 F. Supp. 332, *confirmada en 848 F. 2d. 331 (1rst. Cir. 1988).*

*Perry v. Sindermann, 408 U.S. 593, 33 L. Ed. 2d 570 (1972);* <u>Cheveras Pacheco vs. Rivera González</u>, *809 F. 2d. 125 (1st. Cir. 19). "A broad range of interest that are secured by existing rules or understandings... A person's interest in a benefit is a property interest for due process purposes if there are such rules or mutually understandings that support his claim of entitlement to the*

COMPLAINT
CIVIL NO. 19-1924
Page 8

benefit and that he may invoke at a hearing." *Venetuolo v. Burke*, 596 F.2d 476 (1979) (citing *Roth*, at 577), *Torres Solano v. P.R.T.C.*, 90 JTS 122 y *Colón v. CRUV* 115 DPR 495 (1984).

## V.    DAMAGES:

All the paragraphs stated herein in the Jurisdiction, Facts and Causes of Action are literary incorporated herein and are made part of the following paragraphs and causes of action. All defendants are jointly responsible for all damages caused and suffered by all plaintiffs.

31.    Plaintiff Ervin García-Guzmán rights under the provisions of the *Uniform Services Employment and Re-employment Rights Act of October 1994*, *38 U.S.C. § 4301 et. seq.*, (*USERRA Pub. Law 103-353*, October 13, 1994) were violated by defendants. He suffered damages; damages estimated on $1,000,000.00.

32.    Plaintiff Ervin García-Guzmán rights under the provisions of the *Uniform Services Employment and Re-employment Rights Act of October 1994*, *38 U.S.C. § 4301 et. seq.*, (*USERRA Pub. Law 103-353*, October 13, 1994) were violated by defendants. He is entitled to re-employment with all the bonus, entitlements, fringe benefits, **promotions**, etc. accrued since he was ordered to active duty by the US Army on May 9, 2016.

33.    Plaintiff Ervin García-Guzmán, has suffered and continue to suffer, severe emotional distress, affliction, anguish, deprivation; claims and rights under the provisions of the labor laws of Puerto Rico against discrimination and under *Public Law No. 80 of may 30, 1976* claims under the provisions of *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, *et. seq.,* (Torts) invoked under the supplemental jurisdiction principles in the interest economy and of judicial efficiency. Damages estimated on $100,000.00.

34.    Plaintiff Yessica Soto-Concepción has suffered and continue to suffer, severe

COMPLAINT
CIVIL NO. 19-1924
Page 9

emotional distress, affliction, anguish, deprivation; claims and rights under the provisions of the labor laws of Puerto Rico against discrimination and under *Public Law No. 80 of may 30, 1976* claims under the provisions of *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141*, *et. seq.,* (Torts) invoked under the supplemental jurisdiction principles in the interest economy and of judicial efficiency. Damages estimated in the amount of $100,000.00.

35. Plaintiff Ervin García-Guzmán, has suffered and continue to suffer mental anguish, severe emotional distress, affliction, anger, deprivation and suffers still today because of the threat to loss of his job. Damages estimated in the amount of $100,000.00.

37. Co-plaintiff the García-Soto' conjugal partnership has suffered economic. Damages estimated in the amount of $150,000.00.

38. Plaintiffs suffered damages for the violation of their rights under the *Fourteen Amendment* and their interest in a benefit is a property interest for due process. Damages estimated in the amount of $1,000,000.00.

**WHEREFORE**, plaintiffs respectfully pray from this Honorable Court to render Judgement in favor of plaintiffs and to award them a sum no less than TWO MILLIONS FOUR HUNDRED FIFTY THOUSAND DOLLARS ($2,450,000.00) suffered by them because of defendants combined negligence, plus an additional amount for attorney fees and court costs, all to be paid severally by defendants.

**JURY TRIAL DEMANDED.**

**RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico, this 26TH day of September of 2019.

COMPLAINT
CIVIL NO. 19-1924
Page 10

                                **RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
                                Juan R. Rodríguez, Esq.
                                PO Box 7693
                                Ponce, Puerto Rico 00732-7693
                                Tel. (787) 843-2828 / 843-2900 Fax (787)284-1267
                                Email: **juan_r_rodriguez00732@hotmail.com**
                                            **juan.r.rodriguez00732@gmail.com**

By:   *S/Juan R. Rodriguez*
            **JUAN R. RODRIGUEZ**
            **USDC-PR 214410**